UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THADDEUS VASKAS**,<br><br>   Plaintiff,<br><br> v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*,<br><br>   Defendants. | Civil Action No. 21-1447 (TSC) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has sued the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") under the Freedom of Information Act ("FOIA"). *See* Am. Compl., ECF No. 3. He claims Defendants unlawfully withheld records he requested under FOIA regarding their involvement in his federal criminal conviction. *Id.* ¶¶ 2, 4. Defendants have moved for summary judgment. ECF No. 12. For the reasons set forth below, the court will GRANT Defendants' motion.

### I. BACKGROUND

In July 2020, Plaintiff submitted a FOIA request to DHS, seeking information regarding its "involvement in [his] federal conviction in *United States v*[.] *Thaddeus Vaskas*, Eastern District of Pennsylvania, Crim Case No. 12-128." Compl. ¶ 4; *see United States v. Vaskas*, No. CR 12-128, 2016 WL 1273921 at *1 (E.D. Pa. Mar. 31, 2016) (noting that Plaintiff was convicted of one count of possession of child pornography and sentenced to 168 months of incarceration followed by fifteen years of supervised release), *aff'd,* 696 F. App'x 564 (3d Cir. 2017). He narrowed that request after DHS asked him to be "more specific and detailed."

Compl. ¶ 5. Upon "learning that neither of the Defendants" were "working toward fulfilling [his] FOIA request, Plaintiff filed an "Administrative Appeal" and was informed that his request was "in the queue to be processed by an analyst." *Id.* ¶ 6. He now seeks a declaration that Defendants violated FOIA by failing to produce records responsive to his request, and an order that they do so immediately. *Id.* at 4.

By sworn declaration, Defendants state that upon receiving the request, they "conducted a manual search for physical files and an electronic search for records" on computer hard drives and email folders. Declaration of Lynnea Schurkamp ¶¶ 26–27, ECF No. 12-3 ("Schurkamp Decl."). The search identified 537 pages of potentially responsive records, of which Defendants produced 389 pages, subject to withholdings pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E)." *Id*. ¶¶ 28, 30; *see also* Vaughn Index, ECF No. 12-4. In moving for summary judgment, Defendants contend that their search was adequate, that they properly invoked FOIA exemptions for withholding certain responsive records, and that they complied with FOIA's segregability requirement. *See* Memo. in Support of Defs.' Mot. for Summary Judgment, ECF No. 12-2.

## II.   LEGAL STANDARD

In FOIA litigation, as in all civil cases, summary judgment is appropriate only when the pleadings and declarations demonstrate that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Justice*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). The Act requires federal agencies to comply with requests to make their records available to the public unless such "information is exempted

under [one of nine] clearly delineated statutory [exemptions]." *Id*. (internal quotation marks omitted); *see also* 5 U.S.C. §§ 552(a)–(b).

In reviewing a motion for summary judgment under FOIA, the court must view the facts in the light most favorable to the requester. *See Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Summary judgment in FOIA cases may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and nonconclusory." *SafeCard Servs., Inc. v. U.S. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation and citation omitted). These declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id*. (internal quotation and citation omitted).

"To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with specific facts demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld . . . records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)) (quotation marks omitted). By corollary, "[a] non-moving party's complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a 'reason' for the grant of summary judgment under [Rule 56(e)]." *Smith v. U.S. Dep't of Justice*, 987 F. Supp. 2d 43, 47 (D.D.C. 2013).

### III.   ANALYSIS

Plaintiff does not dispute that Defendants' search was adequate, but rather contends that they wrongfully invoked FOIA's exemptions and failed to segregate non-exempt information. *See* Pl.'s Opp'n to Defs.' Mot. for Summary Judgment, ECF No. 16 ("Opp'n to MSJ"). Both contentions fail.

A. <u>Exemption 3</u>

Exemption 3 covers records that another statute specifically prohibits disclosing. *Id.* Here, Defendants invoked the Federal Victims' Protection & Rights Act, which prohibits disclosure of "documents that disclose the name or any other information concerning a child," 18 U.S.C. § 3509(d), and therefore "qualifies as an Exemption 3 withholding statute," *Rodriguez v. U.S. Dep't of Army*, 31 F. Supp. 3d 218, 237 (D.D.C. 2014). Defendants aver that the records withheld under Exemption 3 "contain[] sensitive information pertaining to child victims involved in criminal proceedings" that "could potentially be used, in combination with other released information, to identify the child victims." Schurkamp Decl. ¶ 34; *see also, e.g.*, Vaughn Index at 1–2. Plaintiff presents no facts to disturb that conclusion, arguing only that he did "not request any information involving the name or other information concerning a child." Opp'n to MSJ at 7. But Defendants' declaration establishes that some of their records related to his child pornography conviction—and therefore within the scope of his request—included statutorily protected information about children, regardless of whether Defendant specifically requested that information. That is sufficient to withhold those records.

B. <u>Exemption 5</u>

Defendants also properly invoked the deliberative process privilege under FOIA's Exemption 5 to withhold "internal communications related to the investigation, case planning, and surveillance of Mr. Vaskas." Schurkamp Decl. ¶ 36. The privilege "protects agency documents that are both predecisional and deliberative," *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006), to promote "open and frank discussion among" government decisionmakers, *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001). "[A] decision as to whether or not to prosecute someone," along with "the information-gathering and deliberative process that produces the decision is precisely the type of

A. <u>Exemption 3</u>

Exemption 3 covers records that another statute specifically prohibits disclosing. *Id.* Here, Defendants invoked the Federal Victims' Protection & Rights Act, which prohibits disclosure of "documents that disclose the name or any other information concerning a child," 18 U.S.C. § 3509(d), and therefore "qualifies as an Exemption 3 withholding statute," *Rodriguez v. U.S. Dep't of Army*, 31 F. Supp. 3d 218, 237 (D.D.C. 2014). Defendants aver that the records withheld under Exemption 3 "contain[] sensitive information pertaining to child victims involved in criminal proceedings" that "could potentially be used, in combination with other released information, to identify the child victims." Schurkamp Decl. ¶ 34; *see also, e.g.*, Vaughn Index at 1–2. Plaintiff presents no facts to disturb that conclusion, arguing only that he did "not request any information involving the name or other information concerning a child." Opp'n to MSJ at 7. But Defendants' declaration establishes that some of their records related to his child pornography conviction—and therefore within the scope of his request—included statutorily protected information about children, regardless of whether Defendant specifically requested that information. That is sufficient to withhold those records.

B. <u>Exemption 5</u>

Defendants also properly invoked the deliberative process privilege under FOIA's Exemption 5 to withhold "internal communications related to the investigation, case planning, and surveillance of Mr. Vaskas." Schurkamp Decl. ¶ 36. The privilege "protects agency documents that are both predecisional and deliberative," *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006), to promote "open and frank discussion among" government decisionmakers, *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001). "[A] decision as to whether or not to prosecute someone," along with "the information-gathering and deliberative process that produces the decision is precisely the type of

material to be protected as pre-decisional under Exemption 5." *Paisley v. Cent. Intelligence Agency*, 712 F.2d 686, 699 (D.C. Cir. 1983), *opinion vacated in part,* 724 F.2d 201 (D.C. Cir. 1984) (unrelated to Exemption 5 holding). Plaintiff objects that "some records cannot qualify as intra-or-inter-agency memoranda" and suggests that they may be "communications with a nonagency third party." Opp'n to MSJ at 8. But he does not cite any evidence to support either assertion, and so his "purely speculative claims" do not rebut the presumption of good faith and accurate descriptions afforded to Defendants' declaration. *SafeCard Servs., Inc.*, 926 F.2d at 1200. There is accordingly no dispute of material fact with respect to Exemption 5.

C. **Exemptions 6 and 7(C)**

There is likewise no basis for disputing that Defendants lawfully withheld records under FOIA Exemptions 6 and 7(C). Those exemptions protect information from "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), and information "compiled for law enforcement purposes" if a release of the records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy," *id.* § 552(b)(7)(C). Defendants' declaration states that they applied these exemptions to withhold two categories of information: (1) "the names, identification codes, code names, phone numbers, and signatures of federal law enforcement officers and other government employees"; and (2) the "personally identifiable information ["PII"] of third parties, to include names, case numbers, social security numbers, alien numbers, addresses, e-mail addresses, phone numbers, VIN numbers, seizure numbers, dates of birth, Subject ID numbers, and Event numbers within ICE's documents." Schurkamp Decl. ¶ 43.

Exemptions 6 and 7(C) cover both categories of withheld records. Under Exemption 7(C), the information was compiled for law enforcement purposes because it consists either of

records regarding law enforcement officers themselves or records compiled by ICE in the course of carrying out its enforcement of U.S. immigration laws. *See Thomas v. U.S. Dep't of Justice*, 531 F. Supp. 2d 102, 107 (D.D.C. 2008) (records pertaining to investigation and prosecution were compiled for law enforcement purposes). And that information could constitute an unwarranted invasion of personal privacy. Law enforcement officers and third parties alike could become targets for harassment, embarrassment, annoyance, or identity theft were their PII publicly disclosed. *See* Schurkamp Decl. ¶¶ 44–46. By contrast, Plaintiff has identified no public interest that would outweigh those privacy invasions, much less a "significant" one. *Boyd v. U.S. Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007) (citing *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004)). "[S]omething outweighs nothing every time." *Fitzgibbon v. Cent. Intelligence Agency*, 911 F.2d 755, 768 (D.C. Cir. 1990) (formatting modified).

The Exemption 6 analysis is similarly straightforward. Its reference to "personnel and medical files and similar files" is interpreted broadly, covering all "Government records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Washington Post Co.,* 456 U.S. 595, 602 (1982). And for the reasons already explained, the balance of privacy considerations and the public interest tips in favor of nondisclosure. Indeed, Defendants' declaration explains that they deliberately carried out that balancing before deciding to withhold some of the requested records. Schurkamp Decl. ¶¶ 44–46, 48–49. Lacking any evidence that Defendants acted in bad faith, or that the public and private interests at issue are otherwise in dispute, the court concludes that Defendants properly invoked Exemption 6.

Plaintiff's counterarguments are unavailing. First, he argues that the "identity and involvement" of three DHS Special Agents has already been disclosed, so their information is no

longer exempt.  Opp'n to MSJ at 8.  But he cites no evidence that their information is in the public domain, and in any event, disclosure "elsewhere [does not] cause[] [one's] substantial privacy interests under exemption 7(C) to be diminished."  *Fitzgibbon*, 911 F.2d at 768; *see also U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 762–65 (1989) (rejecting the "cramped notion of personal privacy" that an individual has no privacy interest in information "previously disclosed to the public").  Second, Plaintiff repeats his assertion that he did not request any PII.  Again, however, that assertion ignores the fact that some records otherwise responsive to his request might incidentally contain PII and therefore still need to be withheld—at least in part—on that basis.  *See supra* Section III.A; *see also, e.g.*, Vaughn Index at 1–3 (withholding document in part because it contains law enforcement PII).  As a result, there is no dispute of material fact that Defendants lawfully relied on Exemptions 6 and 7(c) to withhold records containing PII.

D. **Segregability**

Finally, Defendants also complied with their statutory duty to release "[a]ny reasonably segregable portion" of the requested records.  5 U.S.C. § 552(b).  Under FOIA, they bear the burden of demonstrating "with reasonable specificity" that the withheld records cannot be further segregated.  *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  Here, Defendants aver that they "reviewed each record line-by-line to identify information exempt from disclosure or for which a discretionary waiver of an exemption could be applied," Schurkamp Decl. ¶ 57, and their *Vaughn* Index reflects that particularized review, *see* ECF No. 12-4.  They are entitled to the "presumption that they complied with the obligation to disclose reasonably segregable material."  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).  Plaintiff has not produced a "quantum of evidence" to "overcome that presumption," *id.*, and therefore cannot withstand summary judgment.

## IV. CONCLUSION

For these reasons, the court will GRANT Defendants' Motion for Summary Judgment, ECF No. 12. A corresponding Order will accompany this Memorandum Opinion.

Date: August 2, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge